# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JON OLIVITO,**

        **Plaintiff,**

  v.

**PETER S. OLIVITO,**

        **Defendant.**

Case No. 2:18-cv-123
Judge Algenon L. Marbley
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff Jon Olivito, an Ohio resident who is proceeding without the assistance of counsel, brings this action against Peter S. Olivito. This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 7) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

For the reasons that follow, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims as frivolous.

## I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

In *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331 (1948), the Supreme Court set forth the legal standard applicable to a motion to proceed *in forma pauperis*. An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the Court's filing fee without depriving himself and his dependents of the "necessities of life." *Id*. at 339 (internal quotation marks omitted). Although the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v.*

*Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x. 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship").

Here, Plaintiff swears that he is unemployed, and although he reports receiving $17,000.00 at one point from "mineral rights," he states that he now has no cash on hand or money in a savings, checking, or other account. (Doc. 7 at 1–2). Further, Plaintiff states that he has "no heat, no water, no phone, no transportation (car)." Consequently, the Court is satisfied that Plaintiff cannot pay the Court's filing fee without depriving himself of the "necessities of life." Thus, Plaintiff's request to proceed *in forma pauperis* (Doc. 7) is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C . § 1915(a).

## II. INITIAL SCREEN

### A. Relevant Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Atty. Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014), (citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). This occurs when "indisputably meritless" legal theories underlie the complaint, or when a complaint relies on "fantastic or delusional" allegations. *Id.* (citing Neitzke, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

However, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### B. Discussion

Plaintiff's Complaint contains various allegations of "fraud, forgery, larceny, and murder." (*See generally* Doc. 1). Although portions are slightly illegible, the following are some exemplary allegations from the Complaint:

> A lawyer—Peter S. Olivito my own uncle is an evil <u>sneak</u> thief who destroyed a lot of lives. He has associates in Cleveland who help him steal estates in Jefferson County Ohio including mine, <u>the largest</u> he has been stealing piecemeal over a lifetime land mineral rights, trust fund, insurance policies worth millions that he shares with his drinking cronies in crime lawfirms in the Sinclair Building[.]
>
> My Father (The older of the three brothers, Anthony, Dominick, Peter) trusted his very <u>honest</u> brother Dominick to handle his legal work. Dom founded a lawfirm Olivito & Oivito for himself and his daughter and sons (lawyers) but let Peter in not knowing Peter had joined secretive Fraternal criminal organizations of Masonics and Mafia with a long history of murdering successful people and stealing the estates of their people victims. Some lawyers like Bruzzese got rich quick doing this then <u>bought</u> themselves judgeships but none of these estates were nearly as large as my excavation mining of minerals coal, gas, oil, timber on thousands of acres of land. They murdered my dad and misrepresented the accounts of estates he was brokering and his that <u>they</u> were liquidating instead of returning them to the owners.
>
> If Peter S. Olivito were a <u>legitimate lawyer</u> and representative of my <u>Father's</u> estate (Anthony Olivito, Jr.) he would not have recruited an army of forgers to start faking survey maps and transferring titles to land, some of which I was still

3

> in the process of buying. To his cronies and crime families recruited my brother an alcoholic-drug addict to impersonate me in 5 states! While Peter impersonated my father so they could get into the safe deposit boxes of mine, mom's, dad's for our savings bonds, insurance policies, stock certifications of my legacy corporation <u>income.</u>
>
> Peter always pretended to be a successful lawyer when actually he was a successful thief. Always in trouble with the IRS he played at being a high roller – Power – broker.

(Doc. 1 at 1–3). Plaintiff also attached a "Letter" which alleges, *inter alia*, that Peter Olivito "and his frat bro cronies stole everything I own being savings, land, income profits, valued in the millions" and that Plaintiff "merely exist[s] in fear of each next attack." (Doc. 1-1 at 1, 5). Additionally, Plaintiff attached a "Note" in which he seems to explain the relief he seeks: "I need it all back! (The land, money, business, income)". (Doc. 1-2).

Plaintiff's Complaint provides no factual content or context from which the Court could reasonably infer a federal cause of action. To the extent that Plaintiff seeks to bring a criminal investigation and criminal charges against Peter Olivito, those claims cannot be addressed in this civil action. *Cleare v. Brown*, No. 2:15-CV-2295, 2015 WL 4274710, at *2 (S.D. Ohio July 13, 2015) (citing *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir.2002) (finding that a private citizen "has no authority to initiate a federal criminal prosecution of [ ] defendants for their alleged unlawful acts.")).

Additionally, Plaintiff's Complaint includes allegations that appear to be "irrational," as the Complaint looks to be nothing more than a collection of "totally unsubstantiated events." *Marshall v. Stengel*, No. 3:10CV-159-S, 2010 WL 1930172, at *3 (W.D. Ky. May 12, 2010). Because Plaintiff's allegations set forth no legal theory and are premised on what could be considered irrational allegations, the undersigned finds Plaintiff has failed to state a plausible claim for relief. Consequently, it is recommended that this action be dismissed.

I.  CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen and for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint.

**Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: March 29, 2018        /s/Kimberly A. Jolson
                            KIMBERLY A. JOLSON
                            UNITED STATES MAGISTRATE JUDGE